**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21123-BLOOM/Elfenbein**

BMA CAPITAL INC.,

Plaintiff,

v.

HIGH WEST CAPITAL PARTNERS LLC,
and PAUL NICHOLAS JABER, JR.,

Defendants.
_________________________/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendants High West Capital Partners, LLC ("High West") and Paul Nicholas Jaber Jr.'s ("Jaber") Renewed Omnibus Motion to Dismiss ("Motion"), ECF No. [25]. Plaintiff BMA Capital Inc. ("BMA") filed a Response in Opposition ("Response"), ECF No. [32], and Defendants filed a Reply, ECF No. [33]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

In Plaintiff's First Amended Complaint, ECF No. [17], BMA alleges that on January 10, 2024, BMA and High West entered into a Profit-Sharing Agreement ("Agreement"). ECF No. [17] ¶ 9. Pursuant to the Agreement, "[u]pon the Successful Completion of a collateralized loan, equity investment of securities purchase Transaction," High West was to pay BMA thirty-three percent of all profits earned in the transaction. *Id*.

BMA introduced High West to Key Idea. *Id* ¶ 11. BMA participated, on High West's behalf, in the diligence, negotiation, and closing activities that culminated in the execution of a Master

Loan Agreement ("MLA") between High West and Key Idea, pursuant to which Key Idea transferred approximately 28,437,000 GL-Carlink shares into escrow at a Safari Asia Limited ("Safari Asia") brokerage account controlled by High West's escrow agent, Greenberg & Lieberman, LLC ("G&L") to be used as collateral for loans made by High West to Key Idea in tranches. Under the MLA, loans were to be advanced in discrete "Tranches," each subject to its own Closing Statement and a Tranche specific allocation of Pledged Collateral. *Id.* ¶¶ 11, 12. On July 23, 2025, High West issued a written "Closing Statement Tranche 1" under MLA § 2.1(b), allocating 5,000,000 shares of 2531:HK as pledged collateral for Tranche 1 and identifying a Closing Date of July 30, 2025. *Id.* ¶ 14.

High West completed the sale of all Tranche 1 collateralized GL-Carlink Shares on August 12, 2025, returning a profit of $5,742,662.45. These monies are held in escrow at G&L. *Id.* ¶ 16. From the Key Idea transaction, BMA is to receive $1,914,221.00 in fees. *Id.* ¶ 17. An additional 23,437,000 GL-Carlink Shares continue to be held in escrow by High West's attorneys in a brokerage account at Safari Asia but are not the subject of any Tranche under the MLA. *Id.* ¶ 18.

High West refuses to pay BMA's one-third percentage. *Id.* ¶ 23. Before transferring any cash or securities, G&L requires the written consent from High West's two principals, Jaber and John Hall ("Hall") to release the cash and securities from its escrow account. *Id.* ¶ 28. Jaber refuses to agree to release the assets. *Id.* ¶ 29. Jaber is refusing to liquidate the Non-Tranche shares to apply pressure to Hall to compromise on his ownership of High West. *Id.* ¶ 30.

In its Amended Complaint, BMA asserts six Counts: (Count I) Breach of Contract against High West; (Count II) Breach of Implied Covenant of Good Faith and Fair Dealing against High West; (Count III) Tortious Interference of Contract against Jaber; (Count IV) Unjust Enrichment,

pleaded in the alternative, against High West; and (Count V) Conversion against Jaber. ECF No. [17].

On May 29, 2026, Defendants High West and Jaber filed an Omnibus Motion to Dismiss. ECF No. [25]. High West individually argues the Amended Complaint should be dismissed under *forum non conveniens*. *Id*. at 5. Both High West and Jaber argue the Amended Complaint should be dismissed for lack of personal jurisdiction because the Amended Complaint fails to make a *prima facie* case for either general or specific jurisdiction. *Id*. at 11. Defendants further argue the Amended Complaint fails to allege minimum contacts with Florida. Defendants also argue the Amended Complaint should be dismissed for failure to plead conditions precedent and failure to state a claim. *Id*. 14-20.

BMA responds that Defendants are subject to personal jurisdiction because they are Florida residents. ECF No. [32] at 6. Moreover, BMA contends Florida's long arm statute reaches High West and Jabar because the Agreement requires Florida based performance and that Defendants' contacts with Florida satisfy Due Process. BMA further responds that dismissal based on *forum non conveniens* in favor of Hong Kong is inappropriate because Hong Kong is not an "available" forum, BMA's choice of forums should not be disturbed, and private and public interest factors weigh in favor of retention. *Id*. at 9-11. BMA argues the Amended Complaint sufficiently pleads conditions precedent and states a claim as to Counts I-V. *Id*. 13-19. To the extent the Court identifies any pleading deficiencies, BMA requests leave to further amend. *Id*. at 20.

## II. LEGAL STANDARD

### A. Motion to Dismiss

The Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a Rule 12(b)(6) motion, which requests dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When reviewing a motion under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in the plaintiff's favor. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). " 'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Courts generally "do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citation omitted). However, there is an exception when "a plaintiff refers to a document in its complaint, the document is central to its

claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* (citation omitted). Furthermore, courts may consider "matters of which a court may take judicial notice" when ruling on a 12(b)(6) motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B. Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a complaint for lack of personal jurisdiction. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Technologies. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted); *See also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). "Second, if the complaint alleged sufficient facts, and 'the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting its jurisdiction.'" *See Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 848 (11th Cir. 2020) (quoting *Mazer*, 556 F.3d at 1274). "Third, 'where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.'" *Id.* (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010)). The Court must assess its personal jurisdiction over each defendant separately. Stubbs, 447 F.3d at 1360. "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citation omitted).

In assessing whether a nonresident defendant is subject to exercise of personal jurisdiction, federal courts apply a two-step test to determine "whether the exercise of jurisdiction (1) comports with the long-arm statute of the forum; and (2) does not violate the Due Process Clause of the

Fourteenth Amendment." *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 626 (11th Cir. 2010); Fed. R. Civ. P. 4(k)(1)(A). A court "[need] not reach the second question of the personal jurisdiction analysis" upon failure to establish that the long-arm statute permits the district court to assert personal jurisdiction over the defendant. *Id.*

**C. Florida's Long Arm Statute - § 48.193**

"The reach of the Florida long-arm statute is a question of Florida law.'" *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1271 (11th Cir. 2002) (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 257 (11th Cir. 1996)). "[F]ederal courts are required to construe [such law] as would the Florida Supreme Court." *Id.* (quoting *Madara*, 916 F.2d at 1514).

Under Federal Rule of Civil Procedure 4(k)(1)(A), federal courts apply the long-arm statute of the forum state — in this case, Florida. "Florida's long-arm statute provides for both general and specific personal jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citing Fla. Stat. § 48.193(1)–(2)). The Eleventh Circuit has explained that a "defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to specific personal jurisdiction — that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida, Fla. Stat. § 48.193(1)(a); and second, section 48.193(2) provides that Florida courts may exercise general personal jurisdiction — that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida — if the defendant engages in 'substantial and not isolated activity' in Florida, § 48.193(2)." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F. 3d 1201, 1203–04 (11th Cir. 2015). Courts strictly construe Florida's long-arm statute in favor of the nonresident defendant. *Stonepeak Partners, LP v. Tall Tower Cap., LLC*, 231 So. 3d 548, 552 (Fla. Dist. Ct. App. 2017).

## III. DISCUSSION

### A. Personal Jurisdiction

Defendants argue the Amended Complaint does not "purport to allege that the Court has general jurisdiction over either Defendant." ECF No. [25] at 11. Defendants contend that the Amended Complaint's unverified allegation that Jaber is a resident of Florida is false. *Id*. at 12. Jaber attaches to the Motion his Declaration in which he states he has lived in South Carolina since 2011, with his wife and two children. ECF No. [25-4] ¶ 4. Defendants further argue the Amended Complaint fails to make a *prima facie* case for specific jurisdiction. ECF No. [25] at 12. Defendants contend the Amended Complaint's allegation that Defendants performed under the contract in Florida is not enough, and jurisdiction must be established through requirement of performance within the state.

BMA responds that Defendants are Florida residents. ECF No. [32] at 5. BMA argues that Defendants rely only on Jaber's Declaration, but that record evidence in a High West lawsuit against Hall puts the Declaration in doubt. In *High West Capital Partners LLC. v. John W. Hall*, Case No. 0:25-cv-62678-AHS ("Hall Action"), Hall submitted a Declaration in which he states that Jaber has a Florida driver's license which lists his address as 410 SE 16th Ct, Apt 535, Ft. Lauderdale, Florida 33316. Hall Action, ECF No. [19-2]. Moreover, Hall's Declaration details that Jaber leased the apartment at least through June 9, 2024. BMA also points to Jaber's January 19, 2026 sworn Declaration in the Hall Action which confirms that High West transacts business in Broward County, Florida, through Hall. Hall Action, ECF No. [14-1]. BMA further responds that the Agreement requires Florida-based performance, including for BMA to spend at least 30 days in High West's Ft. Lauderdale office.

Before the Court can address the Parties' arguments and Declarations on the issue of personal jurisdiction, the Court must first address whether BMA has made a prima facie case for

personal jurisdiction in its Amended Complaint. *See Louis Vuitton Malletier, S.A.*, 736 F.3d at 1350 ("A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'") (quoting *United Techs. Corp.*, 556 F.3d at 1274). Upon review of the Amended Complaint, Plaintiff has set forth sufficient allegations to make a prima facie case for the Court's personal jurisdiction over Jaber but not High West.

The Amended Complaint alleges that BMA is a corporation with its principal place of business in Wyoming. ECF No. [17] ¶ 1. Jaber is a resident of the State of Florida, High West has an office in Ft. Lauderdale, and Defendants performed a substantial part of the acts, practices, transactions, or occurrences relating to the claims within the Southern District of Florida. *Id.* ¶¶ 3, 5, 7. Moreover, BMA attached the Agreement which states under the Recitals section that High West desires BMA to spend at least 30 days in the Fort Lauderdale Office. ECF No. [19]. The Agreement provides that High West shall reimburse BMA for customary out-of-pocket expenses, including the 30-day office stay.

As to Jaber, the Amended Complaint sufficiently alleges he is a resident of Florida. *See Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011). As to High West, the Amended Complaint states that it is a limited liability company organized and existing under the laws of the country of Nevis, with two offices in Florida. ECF No. [17] ¶¶ 2, 5. A Court may assert general jurisdiction over foreign corporations, without offending due process, only where their affiliations with the State are so continuous and systematic as to render them at home in the forum state. *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (citing *Goodyear*, 564 U.S. at 919). "'[A] corporation's operations in a forum other than its formal place of incorporation or principal place of business' will be 'so substantial and of such a nature as to

render the corporation at home in that State' only in 'exceptional' cases." *Carmouche*, 789 F.3d at 1204 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)).

For example, in *Carmouche*, the Eleventh Circuit found there was no general jurisdiction even where a Defendant had a Florida bank account, two Florida addresses, insurance from Florida companies, financial statements filed with the Florida Secretary of State, joined a non-profit trade organization based in Florida, and consented to jurisdiction of the Southern District of Florida for all lawsuits arising out of its agreements with Carnival. The Eleventh Circuit held those connections were not so substantial as to make it an "exceptional" case in which a foreign corporation is at home in a forum other than its place of incorporation or principal place of business. *Id*.

Here, the Amended Complaint references two offices in Florida, but otherwise alleges no facts to establish that High West's connections to Florida were so substantial as to render it at home. As such, the Court finds BMA has not stated a *prima facie* case for the Court to assert general jurisdiction over High West.

BMA argues that the Agreement requires Florida-based performance, and therefore, High West and Jaber are subject to specific jurisdiction. ECF No. [32] at 6. BMA's argument relies on a clause under "Recitals" in the Agreement which states that High West desired BMA to spend at least 30 days in its Fort Lauderdale Office. ECF No. [19]. Under Fla. Stat. § 48.193(1)(g), this Court can assert jurisdiction where a defendant breaches a contract in Florida by failing to perform acts required by the contract to be performed in Florida. "This provision means that there must exist a duty to perform an act *in Florida*." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1218 (11th Cir. 1999). Here, the Court finds, as alleged in the Amended Complaint, that neither High West nor Jaber had a contractual duty to perform in Florida. First, "introductory clauses to a

contract, like the Recitals in the Agreement, generally aren't binding and serve only to express the desires of the parties." *Affordable Hous. Group, Inc. v. Florida Hous. Affordability, Inc.*, 159 F.4th 860, 865 (11th Cir. 2025). Second, under Fla. Stat. § 48.193(1)(g), the acts which constitute the breaches that a plaintiff sues under must be those that a defendant was required to perform in Florida. *See PK Computers, Inc. v. Indep. Travel Agencies of Am., Inc.*, 656 So. 2d 254, 255 (Fla. 4th DCA 1995) (holding there was no jurisdiction where plaintiff did not allege that any of the acts alleged to constitute breaches of the contract between the parties were to be performed in the State of Florida, but merely alleged that defendant breached its obligation to deliver working computer equipment to agencies located throughout the United States).

Here, the Amended Complaint does not allege a breach of the Agreement requiring performance in Florida but instead alleges that High West breached the Agreement when it refused to pay BMA's fees under the Agreement, relative to High West's liquidation of all collateralized shares for the Tranche 1 loan. ECF No. [17] ¶¶ 32-39. As such, the Court finds the Amended Complaint does not state a *prima facie* case for the Court to assert specific jurisdiction over either High West of Jaber.

As to the Court's general jurisdiction over Jaber, "[a] defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained." *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Here, Jaber filed a Declaration which details that he has lived full-time in South Carolina since approximately 2011. ECF No. [25-4] ¶ 4. Jaber further states that he pays state income tax to South Carolina and has never resided at the Florida address listed in the Complaint. *Id.* ¶¶ 6, 9. BMA does not respond to Jaber with an affidavit of its own,

but instead references an affidavit submitted by Hall in another lawsuit in which Hall provides that Jaber has a Florida driver's license which lists his address as 410 SE 16th Ct, Apt 535, Ft. Lauderdale, Florida 33316. The Florida driver's license has an issuance date of 2022. The Court finds that Jaber's possession of a Florida driver's license, issued in 2022, as noted in an affidavit filed in another lawsuit, his signing of a lease and obtaining utilities in Florida for High West's use, or a LinkedIn profile which locates him in Boca Raton are not inconsistent with his Declaration detailing his domicile in South Carolina. After a defendant raises a meritorious challenge to jurisdiction, the burden shifts to the plaintiff to prove jurisdiction, and in this case, BMA has not met its burden. Because the Court lacks jurisdiction over High West and Jaber, the Court need not address the Parties' other arguments, and the Amended Complaint is dismissed.

In BMA's Response, it claims it is entitled, at minimum, to jurisdictional discovery. ECF No. [32] at 9. BMA's request for jurisdictional discovery is denied. This case was filed on February 19, 2026. *See* ECF No. [1]. BMA did not file a request for jurisdictional discovery until the Motion was filed and did so in its Response to High West's Motion to Dismiss. *See United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1280 (11th Cir. 2009) (affirming the District Court's denial of jurisdictional discovery where a plaintiff buried its request in response to a motion to dismiss, and failed to take reasonable steps to seek discovery, or a deferral of a ruling pending discovery during the time the motion to dismiss was pending).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss**, ECF No. [25]** is **GRANTED.**
2. The Amended Complaint, **ECF No. [17]**, is **DISMISSED WITHOUT PREJUDICE**.
3. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 23, 2026.

______________________________
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record